J. A10011/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VANEE FLOWERS,<br>            APPELLANT | : <br> : <br> : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : <br> : | |
| 69TH STREET RETAIL OWNER, LP | : <br> : <br> : <br> : | |
| | : | No. 2250 EDA 2016 |

Appeal from the Order Entered June 21, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2014-006766

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED APRIL 13, 2017**

Appellant, Vanee Flowers, appeals *pro se* from the June 21, 2016 Order[1], which ordered Appellee to disburse a total verdict amount of $13,800.00 directly to John Fox, Jr., Esquire, Appellant's former counsel, rather than Appellant.  After careful review, we dismiss this appeal.

On or about August 1, 2014, Appellant filed a Complaint alleging that she suffered serious bodily injury after tripping on a sidewalk.  After a jury trial, at which the Honorable G. Michael Green presided, the jury returned a verdict in favor of Appellant and against Appellee, awarding Appellant $23,000.00.   Appellant's counsel at trial was John Fox, Jr., Esquire ("Attorney Fox").  On February 5, 2015, the trial court entered a Verdict and

---

[1] The trial court dated the Order 6/20/16, but filed the Order on 6/21/16.

Judgment Order, molding the verdict to incorporate the negligence the jury determined was attributable to Appellant, and awarding Appellant $13,800.00. Appellant filed a timely Post-Trial Motion, which the trial court denied. Appellant did not appeal the Judgment.

On April 18, 2016, Appellee filed a Petition to Disburse Verdict Amount to Appellant's Counsel ("Petition to Disburse"). After a hearing at which Judge Green presided, on June 21, 2016, the trial court granted the Petition to Disburse and ordered Appellee to disburse the total molded verdict amount to Attorney Fox.

Appellant timely filed a *pro se* appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Initially, we recognize that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if the defect in the brief is substantial. ***Commonwealth v. Adams****,* 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. While this Court is willing to construe *pro se* materials liberally, "*pro se* status confers no special benefit upon the appellant." ***In re Ullman****,* 995 A.2d 1207, 1211-12 (Pa. Super. 2010).

Our review of Appellant's Brief exposes substantial violations of the Rules of Appellate Procedure. Appellant's scope and standard of review section pursuant to Pa.R.A.P. 2111(a)(3) fails to state the scope of review, the standard of review, and provide citations to any supporting authority.

Appellant's Brief at 6 (unpaginated). Appellant fails to include a summary of the argument section pursuant to Pa.R.A.P. 2111(a)(6) and 2118. Appellant's Brief at 10 (unpaginated). Most notably, Appellant's argument section fails to comply with the requirements of Pa.R.A.P. 2119. The section is merely three sentences long, fails to set forth any legal argument, cite any legal authority, and include references to the record. Appellant's Brief at 11 (unpaginated); *see* Pa.R.A.P. 2119(b)-(d).

These substantial omissions preclude meaningful appellate review. Accordingly, we suppress Appellant's Brief and dismiss her appeal.[2] **See Adams, supra** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

---

[2] We note that even if Appellant had complied with the briefing requirements set forth in Pa.R.A.P. 2111-2140, both of the issues that Appellant raises on appeal are waived. Appellant presents two issues in her statement of the questions involved section, both of which claim that Judge Green should have recused himself from presiding over Appellant's case. A party seeking recusal or disqualification of a judge "must raise the objection at the earliest possible moment[.]" **Crawford v. Crawford**, 633 A.2d 155, 159 (Pa. Super. 1993) (quotation and citation omitted). "Judicial bias may not be raised for the first time during post-trial proceedings." **Id.** at 160 (citations omitted). Finally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Here, Appellant failed to object to Judge Green presiding over her jury trial, file a Motion to Recuse with the trial court prior to the hearing on Appellee's Petition to Disburse, and raise the issue at any point during the hearing. Accordingly, these issues are waived.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/13/2017</u>